IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM E. WILSON,

    Plaintiff,

v.                                        Civil Action No. 1:04CV30
                                                    (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The plaintiff, William E. Wilson ("Wilson"), filed the above-styled action on February 26, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security Administration ("Commissioner"), pursuant to 42 U.S.C. § 405(g). The defendant filed an answer to the plaintiff's complaint on November 5, 2004, and a motion for summary judgment on June 8, 2005. On May 9, 2005, the plaintiff filed a motion for summary judgment. On December 1, 2004, the plaintiff's action was referred to United States Magistrate Judge James E. Seibert.

Magistrate Judge Seibert considered the defendant's motion for summary judgment and submitted a report and recommendation. In his report, he made the following findings: (1) the Administrative Law Judge ("ALJ") properly determined that the plaintiff's drug addiction was a material factor to the disability issue; (2) the

Commissioner was not barred by res judicata from asserting the plaintiff's substance abuse was material to the disability issue; (3) the ALJ properly weighed the medical opinions of record; (4) the ALJ properly determined the plaintiff's Residual Functional Capacity ("RFC"); (5) the ALJ posed a proper hypothetical to the Vocational Expert ("VE"); and (6) no conflict existed between the VE's testimony and the Dictionary of Occupational Titles ("DOT").

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. On June 30, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation. Specifically, the plaintiff objects to the following: (1) that drug addiction was a material factor; (2) that the prior ALJ decision was not the best evidence; (3) that the ALJ properly weighed reports of the examining psychologist Atkinson and Steward; (4) that the ALJ's mental RFC was supported by substantial evidence; and (5) that the ALJ relied on a correct hypothetical question to the VE.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the

2

recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews de novo the magistrate judge's findings to which the plaintiff has objected.

## II. Facts

On May 19, 2000, the plaintiff filed for Social Security Income ("SSI"). Following a hearing on March 21, 2002 before an ALJ, the plaintiff's application was denied because the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff then filed the present action with this Court.

## III. Legal Standards

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by

3

substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

B.  Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Id. at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are

any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

As stated above, the plaintiff now objects to the following: (1) that drug addiction was a material factor; (2) that the prior ALJ decision was not the best evidence; (3) that the ALJ properly weighed reports of the examining psychologist Atkinson and Steward; (4) that the ALJ's mental RFC was supported by substantial

5

evidence; and (5) that the ALJ relied on a correct hypothetical question to the VE. The plaintiff's objections are bare-boned, and do not provide this court with additional analysis or justification. Nevertheless, this Court addresses each of the plaintiff's objections in turn.

A. <u>Drug Addiction and Prior Administrative Law Judge Decision</u>

On <u>de novo</u> review, this Court finds that the ALJ properly considered addiction as material to the issue of plaintiff's disability. Moreover, this Court finds that the 1996 SSI determination is not dispositive of the May 2002 SSI decision at issue in this action. Pursuant to 42 U.S.C. § 1382c(a)(3)(J), "an individual shall not be considered to be disabled for the purposes of [SSI] if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." As the magistrate judge appropriately reviewed, the regulations address drug or alcohol addiction by establishing a three-step analysis: (1) whether plaintiff is disabled based on all of his impairments; (2) if so, whether medical evidence shows the plaintiff to be addicted to drugs or alcohol; and (3) if so, whether the drug or alcohol addiction is a contributing factor material to the determination of disability. 20 C.F.R. § 404.1535(a). Accordingly, the Commissioner must determine whether the plaintiff would remain disabled if he no longer used drugs or alcohol. 20 C.F.R. §

404.1535(a). If the Commissioner determines that the plaintiff's remaining limitations would not be disabling, the Commissioner will find the drug or alcohol addiction to be a "contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(b)(2)(i).

Here, the ALJ appropriately applied the three-step analysis described above, and substantial evidence supported the ALJ's finding that the plaintiff suffered no mental disability independent of the "debilitating effects of chronic substance abuse." (Tr. 40.) As the magistrate judge notes, the plaintiff worked two nights per week at a Moose Lodge and was able to keep scheduled appointments following an automobile accident, despite being wheelchair bound. (Tr. 39.) Moreover, this Court agrees that the Commissioner's 1996 SSI determination did not include subsequent psychiatric and psychological evaluations that were reviewed by the ALJ in this action, and which support the ALJ's finding in this action.

For example, Frank Roman, Ed.D., performed a Psychiatric Review Technique in 1998, finding that the plaintiff did not have a substance addiction disorder at that time. However, after performing the subsequent RFC assessment, Dr. Roman found the plaintiff not to be significantly limited in twelve of the listed categories and only moderately limited in eight of the listed categories. Dr. Roman did not find the plaintiff to be markedly

limited in any of the listed categories. The doctor concluded that, while the plaintiff's impairment was severe, it "[did] not cause marked and severe functional limitations." Moreover, Dr. Roman found that the plaintiff was able to perform routine "Activities of Daily Living" and would merely "function best" in a "low-pressured work setting."

Accordingly, this Court finds that substantial evidence supports the ALJ's determination that drug addiction was a factor in the plaintiff's disability, and that the plaintiff would not be disabled if he stopped abusing drugs.

B. <u>Medical Opinions and Mental Residual Functional Capacity</u>

In related issues, this Court finds that the ALJ appropriately evaluated medical opinions in the record and that the ALJ's mental RFC is supported by substantial evidence. As the magistrate judge notes, neither John R. Atkinson, Jr., M.A., nor L. Andrew Steward, Ph.D., were treating doctors of the plaintiff. This Court agrees that Dr. Atkinson made no attempt to "assess or distinguish the claimant's capabilities or demeanor absent the effects of illicit drugs," and that opinions of other doctors in the record contradict Dr. Atkinson's opinion. (Tr. 42.). For example, Arturo Sabio, M.D., found that the plaintiff was "able to provide all the details of his history, and that his memory appeared adequate in that respect," and Samuel Goots, Ph.D., found "only mild limitation of daily activities, moderate limitation of social functioning,

8

moderate limitation of concentration, persistence, or pace, and no episodes of decompensation." (Tr. 43.)

Accordingly, this Court finds that the ALJ afforded appropriate weight to the opinions of Dr. Atkinson and Dr. Steward, and that the resulting RFC reached by the ALJ was supported by substantial evidence.

C.   Hypothetical and Vocational Expert Testimony

This Court has already considered the ALJ's evaluation of the plaintiff's mental limitations and found that the ALJ's determination that the plaintiff is not mentally disabled absent drug abuse is supported by substantial evidence. This Court has also found that the ALJ's RFC, which included a consideration of the plaintiff's mental capability, is supported by substantial evidence. This Court agrees with the magistrate judge's opinion that the hypothetical presented to the VE was based on the ALJ's RFC, and therefore, this Court finds the hypothetical proper.

Moreover, this Court rejects the plaintiff's objection that "because the DOT does not contain a sit/stand option, the VE was required to explain his source for the information that these jobs included a sit/stand option when this information could not have come from the DOT." (Objection at 2.) This Court recognizes that circuits are split regarding the resolution of conflicts between a VE's testimony and the provisions of the DOT. Compare Smith v. Shalala, 46 F.3d 45, 47 (8th Cir. 1995), with Jones v. Apfel, 190

9

F.3d 1224, 1230 (11th Cir. 1999); but see Carey v. Apfel, 230 F.3d 131, 143-47 (5th Cir. 200)(recognizing that a majority of circuits take a "middle ground approach" in which the ALJ may rely on the VE's testimony that conflicts with the DOT if the record reflects an adequate basis for doing so). However, this Court does not reach the issue of conflicting testimony because it finds no conflict between the VE's testimony and the DOT in this case. See Haddock v. Apfel, 196 F.3d 1084, 1091 n.2 (10th Cir. 1999) (recognizing distinction between testimony the conflicts with a source and testimony that supplements a source). Accordingly, the plaintiff's objection on this issue is without merit.

V. Conclusion

After reviewing the magistrate judge's findings de novo, this Court agrees that the ALJ's decision was supported by substantial evidence, that the plaintiff's objections are without merit, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied. This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's report and recommendation. Accordingly, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the plaintiff's motion for summary judgment be DENIED. It is further ORDERED that the plaintiff's alternative request to

remand be DENIED and that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   September 22, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE